## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

---

FREDERICK DOPPELT, ARTHUR I. CAPLAN and
LELAND D. ZULCH, individually and as
representatives of a class of holders of Depositary
Convertible Exchangeable Preferred Shares,

        Plaintiffs,

-against-

RONALD N. TUTOR, ROBERT BAND,
CHRISTOPHER H. LEE, MARSHALL M. CRISER,
ARTHUR J. FOX, JR., MICHAEL R. KLEIN,
RICHARD J. BOUSHKA, PETER ARKLEY,
ROBERT A. KENNEDY, DOUGLAS J.
McCARRON, NANCY HAWTHORNE,
RAYMOND R. ONEGLIA, JANE E. NEWMAN,
WAYNE L. BERMAN, and BONNIE R. COHEN,

        Defendants.

---

02-CV-12010

**AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, by their undersigned counsel, allege for their class action complaint against the defendants the following:

### NATURE OF THE ACTION

1.    Plaintiffs bring this action individually and as representatives of a class of holders of Depositary Convertible Exchangeable Preferred Shares representing 1/10th Share of $21.25 Convertible Exchangeable Preferred Stock of Perini Corporation (the "Senior Preferred Stock") to recover for defendants' breach of their fiduciary duties in connection with the conversion of illiquid, unregistered and non-tradeable junior preferred stock held by the Junior Preferred Stockholders into freely trading common stock, in an amount that repaid their principal investment of $30 million and

all accrued dividends of $11,200,000 ("Exchange Transaction"), while simultaneously refusing to pay the accrued dividends due on the Senior Preferred Stock.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the subject matter of this controversy pursuant to 28 U.S.C. §1332(a)(1). All named plaintiffs reside in a state other than the state of citizenship of all named defendants, and the amount in controversy exceeds $75,000.00.

3. Venue is properly laid in this District pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiff, Frederick Doppelt ("Doppelt"), is a resident of the State of New York who owns 64,200 shares of the Senior Preferred Stock and has owned shares since August 22, 1991. Doppelt is also a Director of Perini Corporation ("Perini" or the "Company") who is specially designated by the holders of the Senior Preferred Stock to represent their interests.

5. Plaintiff, Arthur I. Caplan, ("Caplan") is a resident of the State of New York who owns 2,500 shares of the Senior Preferred Stock and has owned shares since February 20, 1996. Caplan was a Director of Perini during the relevant period herein, who was specially designated by the holders of the Senior Preferred Stock to represent their interests.

6. Plaintiff, Leland D. Zulch ("Zulch"), is a resident of the State of Washington who owns 2,000 shares of the Senior Preferred Stock and has owned shares since March 31, 1997.

7. Defendant, Ronald N. Tutor ("Tutor"), is a Director of Perini, and has been Chairman of the Board of Directors since July 1, 1999 and Chief Executive Officer of Perini since March 29, 2000. Tutor is a resident of the State of California. Tutor was formerly Perini's Vice-Chairman since January 1, 1998, and Acting Chief Operating Officer since January 17, 1997. Tutor is also

Chairman, President, Chief Executive Officer and sole shareholder of Tutor-Saliba Corporation, which, as set forth in detail below, has lucrative consulting contracts and shareholding arrangements with Perini. According to Perini's proxy statement, dated April 10, 2002, Tutor beneficially owns or controls 3,929,260 shares of the Common Stock of Perini, or 16.45% of all the common shares outstanding. As more fully set forth hereinafter, Tutor voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock and not to pay any accumulated dividends to the Senior Preferred Stockholders.

8. Defendant, Robert Band ("Band"), is a Director of Perini. Band is a resident of the Commonwealth of Massachusetts. Band has been President and Chief Operating Officer of Perini since March 29, 2000, and was formerly President and Chief Executive Officer of Perini since May 12, 1999 and formerly Executive Vice President and Chief Financial Officer of Perini since December 1997. Band is also President of Perini Management Services, Inc., a subsidiary of Perini. According to Perini's proxy statement dated April 10, 2002, Band beneficially owns or controls 268,405 shares of the Common Stock of Perini. As more fully set forth hereinafter, Band voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock and not to pay any accumulated dividends to the Senior Preferred Stockholders.

9. Defendant, Christopher H. Lee ("Lee"), is a Director of Perini. Lee is a resident of the State of Connecticut. Lee is the designated Perini board member for National Union Fire Insurance Company of Pittsburgh, Pa., a company that owns 4,705,882 shares of the Common Stock of Perini, and an affiliate of AIG Global Investment Corp., a company in which Lee is a Vice-President and both of which are wholly-owned subsidiaries of American International Group, Inc.,

an insurance holding company. As more fully set forth hereinafter, Lee voted not to pay any accumulated dividends to the Senior Preferred Stockholders.

10. Defendant, Marshall M. Criser ("Criser"), was a Director of Perini. Criser is a resident of the State of Florida. According to Perini's proxy statement dated April 19, 2000, Criser beneficially owns or controls 11,566 shares of the Common Stock of Perini. As more fully set forth hereinafter, Criser voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock.

11. Defendant, Arthur J. Fox, Jr. ("Fox"), was a Director of Perini. Fox is a resident of the State of Maryland. According to Perini's proxy statement dated April 19, 2000, Fox beneficially owns or controls 11,729 shares of the Common Stock of Perini. As more fully set forth hereinafter, Fox voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock.

12. Defendant, Michael R. Klein ("Klein"), is a Director of Perini. Klein is a resident of the District of Columbia. According to Perini's proxy statement dated April 10, 2002, Klein beneficially owns or controls 98,928 shares of the Common Stock of Perini. Klein is also the designated Perini board member for P.B. Capital Partners, L.P., a partnership that owns 4,656,795 shares of the Common Stock of Perini, and a partnership whose sole General Partner is BLUM Capital Partners, L.P. ("BCP"), that owns 5,823,397 shares of Perini Common Stock. BCP is an investment advisor to The Common Fund for Non-Profit Organizations for the account of its Equity Fund that owns 1,162,348 shares of the Common Stock of Perini. Klein is also a partner in Wilmer, Cutler & Pickering, a law firm that has performed legal services for Perini. As more fully set forth hereinafter, Klein voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock and not to pay any accumulated dividends to the Senior Preferred Stockholders.

13.     Defendant, Richard J. Boushka ("Boushka"), was a Director of Perini. Boushka is a resident of the State of Kansas. According to Perini's proxy statement dated April 18, 2001, Boushka beneficially owns or controls 13,990 shares of the Common Stock of Perini. As more fully set forth hereinafter, Boushka voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock and not to pay any accumulated dividends to the Senior Preferred Stockholders.

14.     Defendant, Peter Arkley ("Arkley"), is a Director of Perini. Arkley is a resident of the State of California. As more fully set forth hereinafter, Arkley voted not to pay any accumulated dividends to the Senior Preferred Stockholders.

15.     Defendant, Robert A. Kennedy ("Kennedy"), is a Director of Perini. Kennedy is a resident of the District of Columbia. Kennedy is also a Director for Special Projects - Financial Services for ULLICO, Inc., a life insurance company affiliated with Union Labor Life Insurance Company, a company that owns 1,721,075 shares of the Common Stock of Perini. Kennedy is the designated Perini board member for Union Labor Life Insurance Company. As more fully set forth hereinafter, Kennedy voted not to pay any accumulated dividends to the Senior Preferred Stockholders.

16.     Defendant, Nancy Hawthorne ("Hawthorne"), is a Director of Perini. Hawthorne is a resident of the Commonwealth of Massachusetts. According to Perini's proxy statement dated April 10, 2002, Hawthorne beneficially owns or controls 10,361 shares of the Common Stock of Perini. As more fully set forth hereinafter, Hawthorne voted for the exchange of Junior Preferred Stock to Common Stock and accumulated dividends and not to pay any accumulated dividends to the Senior Preferred Stockholders.

17.    Defendant, Raymond R. Oneglia ("Oneglia"), is a Director of Perini. Oneglia is a resident of the State of Connecticut. Oneglia is also Vice-Chairman of O&G Industries, Inc., a company that owns 2,502,941 shares of the Common Stock of Perini. As more fully set forth hereinafter, Oneglia voted not to pay any accumulated dividends to the Senior Preferred Stockholders.

18.    Defendant, Douglas J. McCarron ("McCarron"), was a Director of Perini. McCarron is a resident of the District of Columbia. As more fully set forth hereinafter, McCarron voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock.

19.    Defendant, Jane E. Newman ("Newman"), was a Director of Perini. Newman is a resident of the State of New Hampshire. According to Perini's proxy statement dated April 19, 2000, Newman beneficially owns or controls 9,745 shares of the Common Stock of Perini. As more fully set forth hereinafter, Newman voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock.

20.    Defendant, Wayne L. Berman ("Berman"), is a Director of Perini. Berman is a resident of the District of Columbia. As more fully set forth hereinafter, Berman voted not to pay any accumulated dividends to the Senior Preferred Stockholders.

21.    Defendant, Bonnie R. Cohen ("Cohen"), is a Director of Perini. Cohen is a resident of the District of Columbia. As more fully set forth hereinafter, Cohen voted not to pay any accumulated dividends to the Senior Preferred Stockholders. (Collectively, these defendants are referred to herein as "Directors" or the "Board".)

22.     Directors who are not employees of the Company are paid an annual retainer fee of $25,000, plus $900 per Board meeting attended, as well as $900 per Committee meeting attended by members of the Audit, Compensation and Nominating Committees.

## NON-PARTY CORPORATION

23.     Perini is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 73 Mt. Wayte Avenue, Framingham, Massachusetts 01701. Perini provides general contracting, including building and civil construction, and construction management and design-build services to private clients and public agencies in the United States and overseas.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this action, pursuant to Rule 23, Fed. R. Civ. P., as a class action on behalf of themselves and all persons and entities who are holders of Perini's Senior Preferred Stock (the "Class"). Excluded from the Class are defendants herein, members of the immediate families of each individual defendant, the Company and its subdivisions, affiliates and joint venture partners, and all institutions in which the defendants have a direct or indirect management interest.

25.     Upon information and belief, in excess of 200 individuals and institutions own the Senior Preferred Stock. Joinder of all such Class members is impracticable.

26.     There are questions of law and fact common to all Class members which predominate over any questions affecting only individual Class members, including:

    (a)     Whether the Directors owed the Company and Senior Preferred Stockholders a fiduciary duty to act in a trustworthy, fair, candid and loyal manner;

 (b) Whether the conduct of the Directors in approving the Exchange Transaction and refusing to pay the accumulated dividends owed to the Senior Preferred Stockholders before any distribution was made to junior security holders constituted a breach of the Directors' fiduciary duties;

 (c) Whether the Exchange Transaction and/or refusal to pay the Senior Preferred Stockholders their accrued dividends constituted improper self-dealing in that it improperly benefitted certain Directors of Perini who controlled the Board and Company at the expense of the Company and the Senior Preferred Stockholders; and

 (d) Whether plaintiffs and the Class suffered damages, and the measure of such damages from the actions of the Board of Directors as complained of herein.

27. Plaintiffs are members of the Class, and all have claims that are typical of those of all other members of the Class.

28. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class, and have no interests antagonistic to those of the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for individual Class members to seek redress for the wrongful conduct alleged.

30. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## The Public Offering Of The Senior Preferred Stock

31. On or about June 24, 1987, Perini filed its registration statement which contained a Prospectus, Certificate of Vote and voluminous other corporate documents with the United States Securities and Exchange Commission (the "SEC") in connection with the Company's public offering of its Senior Preferred Stock. Pursuant to the registration statement, Perini sold to the public through the American Stock Exchange 1,000,000 shares of the Senior Preferred Stock at the price of $25.00 per share. Each share was entitled to receive annual cash dividends of $2.125, which were cumulative if not timely paid.

## The Prospectus

32. The Prospectus was distributed to and relied upon by those investors who purchased Perini's Senior Preferred Stock. This Prospectus stated, with respect to the payment of dividends to the Senior Preferred Stockholders that:

> . . . unless full cumulative dividends on the Preferred Stock have been paid or declared and funds set apart for such payment, *no cash dividends shall be declared or paid or other distribution made upon the Common Stock of the Company or any other stock of the Company ranking junior to or on a parity with the Preferred Stock as to dividends.* [Emphasis added.]

Thus, the Prospectus prohibited the payment of both "*cash dividends*" and/or any "*other distribution*", e.g., stock dividends, to any holder of Perini stock ranking junior to or on parity with the Senior Preferred Stock prior to the payment of all accumulated and unpaid dividend arrears owed to the Senior Preferred Stockholders.

33. In reliance upon the broad dividend preference rights contained in the Prospectus, the members of the putative class purchased and held the Company's Senior Preferred Stock.

## The Certificate of Vote

34.     The Certificate of Vote relating to the Senior Preferred Stock (the "Senior Certificate of Vote.") was also part of the voluminous documents that Perini filed with the SEC in connection with the registration of its public offering of Senior Preferred Stock.  However, unlike the Prospectus, Perini did not distribute the Senior Certificate of Vote to the investing public.  The Senior Certificate of Vote stated with respect to the payment of dividends that:

> ... in no event ... shall any *cash dividends whatsoever* be declared or paid upon, nor shall any *cash distribution* be made upon, the Common Stock, or any other stock of the corporation ranking junior to or on a parity with the [Senior Preferred Stock] as to dividends unless full cumulative dividends on all outstanding shares of [Senior Preferred Stock] for all dividend payment periods ... shall have been paid. ... (Emphasis added.)

Thus, the Senior Certificate of Vote prohibited "*cash dividends*" and/or "*cash distribution*" being paid to any junior class of stockholders prior to the payment of all accumulated dividend arrears to the Senior Preferred Stockholders.

35.     Perini paid cash dividends to the holders of the Senior Preferred Stock from 1987 to 1995.

36.     On or about February 22, 1996, Perini amended its revolving credit agreements with its banks.  As a condition of restructuring its credit agreements, Perini could no longer pay any dividends on any of its equity securities until the credit line was repaid and other financial conditions were met.  Consequently, at that time, Perini ceased paying dividends on the Senior Preferred Stock, thereby causing the accrual of such unpaid dividends.

37.     In each of its annual reports for the years 1996 through 1999, Perini affirmatively stated that it intended to resume the payment of dividends due on the Senior Preferred Stock after it satisfied the terms of its credit agreements.

38.     Perini has satisfied the terms of its credit agreements, but has failed and refused to resume paying dividends to the Senior Preferred Stockholders, and has indicated in its annual report for the years 2000 and 2001 and various communications between representatives of the Company and members of the Class that, it has no intention in the foreseeable future of ever resuming such payments or paying arrearages, regardless of Perini's financial circumstances.

### The Sale of the Series B Preferred Stock

39.     On or about January 17, 1997, the Company sold, in an unregistered private placement, an aggregate of 150,150 shares of Series B Cumulative Convertible Preferred Stock (the "Junior Preferred Stock") to an investor group consisting of (1) P.B. Capital Partners, L.P. (in which Tutor-Saliba Corporation is a limited partner and Klein is the designated Perini board member), (2) The Common Fund for Non-Profit Organizations for the account of its Equity Fund (of which Klein is associated through BLUM Capital Partners, L.P., and (3) The Union Labor Life Insurance Company acting on behalf of its separate Account P (of which Kennedy is the designated Perini board member) (collectively, the "Junior Preferred Stockholders"). The total consideration received by Perini for these shares was approximately $30,000,000.

40.     The Junior Preferred Stock was junior in rank to the Senior Preferred Stock, both as to priority for the payment of dividends and liquidation preference.

41.     In connection with the sale of the Junior Preferred Stock, the Junior Preferred Stockholders and Perini entered into a voting agreement and a management agreement with Tutor-Saliba Corporation wherein Perini would pay to Tutor-Saliba Corporation consulting fees in the amount of $150,000 per year, and give the Junior Preferred Stockholders the right to designate

certain of Perini's Directors (defendants Tutor, Klein and McCarron). Also as part of this management agreement, Tutor became Chief Operating Officer of Perini.

### The Exchange of Junior Preferred Stock For Common Stock

42. From January 17, 1997 through March 29, 2000, Perini did not pay cash dividends to the Junior Preferred Stockholders, but instead issued shares of Junior Preferred Stock as payment-in-kind dividends with an accreted value of $11.2 million. The Junior Preferred Stock was not registered with the SEC and could not be freely traded on a stock exchange or national securities market. Due to the non-payment of cash dividends to the Junior Preferred Stockholders, the illiquidity of the Junior Preferred Stock, and the influence and controlling voting power of Tutor, Klein, Kennedy and the Junior Preferred Stockholders over Perini's Board of Directors, the defendants engaged in a transaction to benefit the Junior Preferred Stockholders and Tutor, Klein and Kennedy, without first paying the full cumulative dividends due to the Senior Preferred Stockholders.

43. Specifically, on or about March 29, 2000, the Board of Directors of Perini approved the Exchange Transaction wherein, inter alia, the holders of the Junior Preferred Stock exchanged their illiquid, unregistered and non-tradeable shares for 7,490,417 shares of the freely trading Common Stock of Perini at $5.50 per share, thereby receiving over $41,200,000 for their $30,000,000 investment. The difference of approximately $11,200,000 represented the payment to the Junior Preferred Shareholders of dividends that had accrued on their Junior Preferred Stock.

44. The Board of Directors, which was and is dominated by Tutor and certain other directors, did not solicit the consent of the Senior Preferred Stockholders to the transaction described above, nor did the Senior Preferred Stockholders give their consent. No offer of exchange was made

to the Senior Preferred Stockholders. No legitimate economic justification for making the exchange offer to the Junior Preferred Stockholders and not the Senior Preferred Stockholders has ever been made. No payment in whole or in part for the accumulated dividend arrears was made to the holders of the Senior Preferred Stock on March 29, 2000 or at any time thereafter, despite repeated demands for such payment by the Senior Preferred Stockholders.

## CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY

45.   Directors of Perini owe and owed fiduciary duties of fidelity, trust, loyalty, candor, due care, and fair dealing to the Company and its shareholders, including the holders of the Senior Preferred Stock. In addition, the Defendants all have the duty to be fully informed and to exercise independent judgment and avoid self-dealing as to all corporate decisions and board actions. The Directors were required to ensure that all conflicts of interest be removed or, if incapable of removal, that all such conflicts be resolved in favor of the Company and its shareholders, including the holders of the Senior Preferred Stock.

46.   The Directors have breached their fiduciary duty owed to the Senior Preferred Stockholders in the following manner.

(a)   By approving the Exchange Transaction and not paying the accrued dividends due to the Senior Preferred Stockholders, the Directors effectively enhanced the sizable equity holdings of Perini Common Stock held by the Junior Preferred Stockholders, while not treating the Senior Preferred Stockholders in a fair and equitable manner;

(b)   by approving the Exchange Transaction without making the same or a similar offer to the Senior Preferred Stockholders, the Board failed to treat the Senior Preferred Stockholders in a fair and equitable manner;

(c) by approving the Exchange Transaction and not paying the accrued dividends due to the Senior Preferred Stockholders, the Board enriched certain controlling directors -- Tutor, Klein and Kennedy – and the companies in which they were associated, by authorizing a self-dealing transaction, while depriving the Senior Preferred Stockholders the accrued dividends that they were entitled to receive;

(d) by approving the Exchange Transaction and not paying the accrued dividends due to the Senior Preferred Stockholders, the Board failed to fairly and adequately protect and enforce the rights and interests of the Senior Preferred Stockholders, including those rights set forth in the Prospectus and/or Certificate of Vote concerning priority of dividend payments;

(e) by failing to correct the contradictory language regarding the dividend preferences of the Senior Preferred Stock contained in the Prospectus, which was widely distributed to the investing public, and the Certificate of Vote, which was buried in regulatory filings and not distributed to the investing public, the Board breached their fiduciary duty of candor which was owed to the Senior Preferred Stockholders;

(f) by approving the Exchange Transaction and not paying the accrued dividends due to the Senior Preferred Stockholders, the Board enriched certain controlling directors – Tutor, Klein and Kennedy -- when they knew or should have known that these Directors had a conflict of interest and were engaging in a self-dealing transaction.

47. Furthermore, the Directors have breached their fiduciary duty owed to the Company in the following manner:

(a) by approving the Exchange Transaction and not paying the accrued dividends owed to the Senior Preferred Stockholders, the Board has indicated to the investing public that

Perini's management is more concerned with the financial interests of certain controlling Directors – Tutor, Klein and Kennedy – and the Junior Preferred Stockholders, rather than the interests of the Company, the Senior Preferred Stockholders and Common Stockholders of the Company, thereby discouraging investments to be made in the Company's securities;

(b) by not paying the dividends owed to the Senior Preferred Stockholders, the Board has injured the Company by impeding its ability to pay common cash dividends, thereby further discouraging investments to be made in the Company's securities;

(c) by not paying the dividends owed to the Senior Preferred Stockholders, the Directors have injured the Company by impeding its ability to raise new equity or debt financing because of the debt owed to the Senior Preferred Stockholders that continues to accrue on its financial statements; and

(d) by not paying the dividends due to the Senior Preferred Stockholders, the Directors have injured the Company by impeding its ability to engage in mergers, acquisitions and other business transactions because of the debt owed to the Senior Preferred Stockholders that continues to accrue on its financial statements.

48. The Board has unreasonably and improperly refused to pay the accrued dividends that are owed to the Senior Preferred Stockholders despite retaining sufficient earnings to make such payments, and an unprecedented volume of existing and projected business. By protecting and perpetuating the financial interests of those controlling directors and by refusing to pay the dividends that are owed to the Senior Preferred Stockholders while paying all of the dividends that were owed to the Junior Preferred Stockholders, the Directors have breached their duty of fair dealing, trust, loyalty and candor that is owed to the Senior Preferred Stockholders.

49.   Plaintiffs and all other members of the Class have suffered substantial damages by reason of the breaches of fiduciary duty by the Directors.

50.   Accordingly, the Directors are liable to plaintiffs and members of the Class for breach of fiduciary duty in an exact amount to be proven at trial but not less than $14,875.000.

## JURY DEMAND

51.   Plaintiffs demand a trial by jury as to all matters triable before a jury.

**WHEREFORE**, plaintiffs demand judgment:

A.   Certifying this action as a class action with plaintiffs and their counsel as the representatives of the Class;

B.   Awarding plaintiffs and members of the Class the damages they have suffered by reason of defendants' misconduct in an amount to be proven at trial, but not less than $14,875.000, plus interest from the earliest date permitted by law;

C.   Awarding punitive and exemplary damages where any defendant is found to have acted willfully or recklessly;

D.   Awarding plaintiffs the costs and disbursements incurred in prosecuting this action, including an award of attorneys', accountants' and experts' fees; and

E.  Granting such other, further and different relief as may be just and equitable in the premises.

Dated: Boston, Massachusetts
October 31, 2002

PALMER & DODGE, LLP

By: _____
Steven L. Schreckinger, Esq.
(BBO # 447100)
111 Huntington Avenue
At Prudential Center
Boston, MA 02199
Tel. (617) 239-0100
Fax:(617) 227-4420

- and -

POLLACK & GREENE, LLP
Alan M. Pollack (AMP-3759)
757 Third Avenue, 25th Floor
New York, New York 10017
Tel. No.: (212) 421-5300
Fax No:  (212) 421-5301

- and -

WEISS & ASSOCIATES, P.C.
Matthew J. Weiss (MJW-9972)
419 Park Avenue South
New York, New York 10016
Tel. No.: (212) 683-7373
Fax No:  (212) 726-0135

Attorneys for Plaintiffs and The Putative Class