# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- X

FREDERICK DOPPELT, ARTHUR I. CAPLAN and
LELAND D. ZULCH, individually and as
representatives of a class of holders of Depositary
Convertible Exchangeable Preferred Shares,

            **02 CV. 12010 (MLW)**

            :

                Plaintiffs,          :

        **SUPPLEMENTAL**

          -against-            :        **SECOND AMENDED**

                                   **CLASS ACTION**

RONALD N. TUTOR, ROBERT BAND,      :        **COMPLAINT**
CHRISTOPHER H. LEE, MARSHALL M. CRISER,
ARTHUR J. FOX, JR., MICHAEL R. KLEIN,    :    **JURY TRIAL DEMANDED**
RICHARD J. BOUSHKA, PETER ARKLEY,
ROBERT A. KENNEDY, DOUGLAS J.         :
McCARRON, NANCY HAWTHORNE,
RAYMOND R. ONEGLIA, JANE E. NEWMAN,  :
WAYNE L. BERMAN, and BONNIE R. COHEN,

                                        :

               Defendants.

                                   X

----------------------------------------------------------------

      Plaintiffs, by their undersigned counsel, allege for their Supplemental Amended Class Action Complaint against the defendants the following:

## NATURE OF THE ACTION

      1.     Plaintiffs bring this action individually and as representatives of a class of holders of Depositary Convertible Exchangeable Preferred Shares representing 1/10th Share of $21.25 Convertible Exchangeable Preferred Stock of Perini Corporation (the "Senior Depositary Preferred Stock") to recover for defendants' breach of their fiduciary duties and unfair and deceptive acts, which include:

      •      Approval of a transaction to convert illiquid Series B Cumulative Convertible

00176198.WPD;1

- and -

WEISS & ASSOCIATES, P.C.
Matthew J. Weiss (MJW-9972)
419 Park Avenue South
New York, New York 10016
Tel. No.:  (212) 683-7373
Fax No:   (212) 726-0135

Attorneys for Plaintiffs and The Putative Class

Preferred Stock (the "Junior Preferred Stock") into newly-issued common stock, in a disproportionate conversion amount that included their principal investment of $30 million, as well as all accrued dividends of $11,200,000 ("Exchange Transaction"), while simultaneously depriving the Senior Depositary Preferred Shareholders of the same opportunity to benefit from such a conversion or otherwise receive payment of accrued dividends due on the Senior Depositary Preferred Stock, where defendants knew or should have known that the Exchange Transaction served no legitimate corporate interest and was designed to promote the self-interest of certain controlling directors affiliated with holders of Junior Preferred Stock;

- Oppressive conduct in their refusal to pay accrued dividends and resume dividend payments on the Senior Depositary Preferred Stock despite the satisfaction of Perini's credit obligations and the financial ability of Perini to declare such dividends;

- Statements that Perini would not resume dividend payments on the Senior Depositary Preferred Stock at any time in the foreseeable future, resulting in the depressed value of the stock and diminished market for the stock;

- Abdicating their duty to objectively and fairly consider the resumption of Senior Preferred dividends; and

- Wrongful approval of a cash offer to purchase 900,000 shares or approximately 90% of the outstanding shares of Senior Depositary Preferred Stock at an unfair and inadequate purchase price of $20 per share, which was subsequently increased to $25 per share (the "Tender Offer"), which does not include accrued but unpaid dividends.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the subject matter of this controversy pursuant to 28 U.S.C. §1332(a)(1).  All named plaintiffs reside in a state other than the state of citizenship of all named defendants, and the amount in controversy exceeds $75,000.00.

3.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiff, Frederick Doppelt ("Doppelt"), is a resident of the State of New York who owns 61,500 shares of the Senior Depositary Preferred Stock and has owned shares since August 22,

interest from the earliest date permitted by law;

  C.  Award punitive and exemplary damages where any defendant is found to have acted willfully or recklessly;

  D.  On their c. 93A claim, award plaintiffs treble damages and attorney's fees;

  E.  Award plaintiffs the costs and disbursements incurred in prosecuting this action, including an award of attorneys', accountants' and experts' fees; and

  F.  Award plaintiffs all other relief as this Court deems just and proper.

## JURY DEMAND

  Plaintiffs demand a trial by jury as to all matters triable before a jury.

Dated: Boston, Massachusetts
   July 22, 2003

         PALMER & DODGE, LLP

By: _____
         Steven L. Schreckinger, Esq.
         (BBO # 447100)
         111 Huntington Avenue
         At Prudential Center
         Boston, MA 02199
         Tel. (617) 239-0100
         Fax:(617) 227-4420

          - and -

         ROBINSON BROG LEINWAND GREENE
         GENOVESE & GLUCK, P.C.

By: _____
         Alan M. Pollack (AMP-3759)
         Felicia S. Ennis (FSE-4563)
         1345 Avenue of the Americas
         New York, New York 10105
         Tel. No.: (212) 603-6300
         Fax No: (212) 956-2164

1991. Doppelt also serves as a Director of Perini Corporation ("Perini" or the "Company") since 1998, specially designated by the holders of the Senior Depositary Preferred Stock to represent their interests.

5.      Plaintiff, Arthur I. Caplan, ("Caplan") is a resident of the State of New York who owns 2,500 shares of the Senior Depositary Preferred Stock and has owned shares since February 20, 1996. Caplan was a Director of Perini until 2001, specially designated by the holders of the Senior Depositary Preferred Stock to represent their interests.

6.      Plaintiff, Leland D. Zulch ("Zulch"), is a resident of the State of Washington who owns 2,000 shares of the Senior Depositary Preferred Stock and has owned shares since March 31, 1997.

7.      Defendant, Ronald N. Tutor ("Tutor"), a resident of the State of California, serves as Director, Chairman and Chief Executive Officer of Perini since March 29, 2000. Prior to that, he served as Director and Chairman since July 1, 1999, as Director and Vice Chairman since January 1, 1998 and as a Director and Acting Chief Operating Officer since January 17, 1997. Tutor has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. Tutor is also Chairman, President, Chief Executive Officer and sole shareholder of Tutor-Saliba Corporation ("TSC"), a construction company based in California that currently holds 23.94% of the outstanding shares of Perini Common Stock. TSC has participated in numerous joint ventures with Perini and has lucrative management and consultant contracts with Perini. Since 1997, Tutor has led a group of investors who collectively, through their beneficial ownership of Perini stock, participation in various

the Senior Depositary Preferred Stockholders by paying accrued dividends and resuming the payment of dividends;

(e)  Failing to pay accrued dividends on the Senior Depositary Preferred Stock and by announcing it has no intention of paying dividends at any time in the future, causing damage and injury to the Senior Depositary Preferred Shareholders by depressing the value and marketability of their stock; and

(f)  Offering the Senior Depositary Preferred Shareholders a cash offer to purchase 90% of the outstanding shares of Senior Depositary Preferred Stock at a purchase price of $20 per share, which was subsequently increased to $25 per share, which did not include any amount for accrued but unpaid dividends which was approximately $15.94 per share.

77.  Defendants' conduct constitutes willful and knowing violations of G.L. c. 93A. Plaintiffs and all other members of the Class have suffered substantial damages by reason of the unfair and deceptive acts of the defendants.

78.  Plaintiffs have complied with the requirements of G.L. c. 93A § 9(3).

79.  Accordingly, the defendants are liable to plaintiffs and members of the Class for breach of fiduciary duty in an exact amount to be proven at trial but not less than $15,937,500.

**WHEREFORE**, plaintiffs respectfully request that this Court:

A.  Certify this action as a class action with plaintiffs and their counsel as representatives of the Class;

B.  Award plaintiffs and members of the Class the damages they have suffered by reason of defendants' misconduct in an amount to be proven at trial, but not less than $15,937,500, plus

shareholder agreements, and right to designate Perini directors, have acquired control over the business and management of Perini and pursuant to Perini's Proxy Statement dated April 16, 2003, currently hold 78.21% of the Company's outstanding shares of Common Stock. Tutor beneficially owns or controls 6,282,201 shares of the Common Stock of Perini. As more fully set forth hereinafter, Tutor has utilized his control to obtain unfair advantages including the exchange of Junior Preferred Stock and accumulated dividends into Common Stock while at the same time denying the same opportunity to the minority Senior Depositary Preferred Shareholder, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his management and control of Perini to act oppressively towards the Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

8.     Defendant, Robert Band ("Band"), a resident of the Commonwealth of Massachusetts, serves as Director, President and Chief Operating Officer of Perini since March 29, 2000. Prior to that, he served as Director, President and Chief Executive Officer since May 12, 1999 and prior to that, as Executive Vice President and Chief Financial Officer of Perini since December 1997. Band is also President of Perini Management Services, Inc., a subsidiary of Perini and has held various other management positions with Perini since 1973. According to Perini's Proxy Statement dated April 16, 2003, Band beneficially owns or controls 267,405 shares of the Common Stock of Perini. As more fully set forth hereinafter, Band voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act oppressively towards the minority Senior

## COUNT II

### G.L. c. 93A, § 9

74.     Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 73 herein.

75.     Defendants have committed unfair and deceptive acts within the meaning of G.L. c. 93A, §9.

76.     The unfair and deceptive acts and practices committed by defendants include, but are not limited to:

(a)     Approving the Exchange Transaction to personally benefit the former holders of Junior Preferred Stock who, through affiliated entities, were controlling directors of Perini, while simultaneously failing to offer any similar exchange to holders of Senior Depositary Preferred Stock or otherwise treat the Senior Preferred Depositary Shareholders in a fair and equitable manner;

(b)     Representing to holders of Senior Depositary Preferred Stock that the Company intended to resume dividend payments when it met its net capital requirements when it knew or should have known that it had no intention of resuming such payments;

(c)     Using corporate assets to enrich certain controlling directors and the companies in which they were associated, by authorizing the self-dealing Exchange Transaction, while depriving the Senior Depositary Preferred Stockholders the accrued dividends that they were entitled to receive;

(d)     Failing to fairly and adequately protect and enforce the rights and interests of

Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

9.      Defendant, Christopher H. Lee ("Lee"), a resident of the State of Connecticut, served as a Director of Perini between 2000 and 2001 and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. Lee was a designated Perini board member for National Union Fire Insurance Company of Pittsburgh, Pa., a company that owns 4,705,882 shares of the Common Stock of Perini, and is a wholly owned subsidiary of American International Group, Inc. ("AIG"), a company that, in 2002, did $9.5 million in surety, insurance and insurance-related services with Perini. As more fully set forth hereinafter, during his tenure as a Perini director, Lee voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, and has otherwise utilized his control to act oppressively towards the minority Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

10.     Defendant, Marshall M. Criser ("Criser"), a resident of the State of Florida, served as a Director of Perini between 1985 and 2000 and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. According to Perini's Proxy Statement dated April 19, 2000, Criser beneficially owns or controlled 11,566 shares of the Common Stock of Perini. As more fully set forth hereinafter, during his tenure as a Perini director, Criser voted for the exchange of Junior

Senior Depositary Preferred Stock or otherwise treat the Senior Preferred Depositary Shareholders in a fair and equitable manner;

(b)     By approving the Exchange Transaction and not paying the accrued dividends due to the Senior Depositary Preferred Stockholders, defendants failed to fairly and adequately protect and enforce the rights and interests of the Senior Depositary Preferred Stockholders;

(c)     By approving the Exchange Transaction and not paying the accrued dividends due to the Senior Depositary Preferred Stockholders, defendants enriched certain controlling directors, when they knew or should have known that these Directors had a conflict of interest and were engaging in a self-dealing transaction;

(d)     By utilizing oppressive tactics, including the refusal to pay dividends, which resulted in the depression in the value and marketability of the Senior Depositary Preferred Stock.

(e)     By offering the Senior Depositary Preferred Shareholders a cash tender offer to purchase 90% of the outstanding shares of Senior Depositary Preferred Stock at an inadequate and unfair purchase price of $20 per share, which was subsequently increased to $25 per share, which does not include any amount for the accrued but unpaid dividends totaling $15.94 per share.

72.     Plaintiffs and all other members of the Class have suffered substantial damages by reason of the breaches of fiduciary duty by the defendants.

73.     Accordingly, the defendants are liable to plaintiffs and members of the Class for breach of fiduciary duty in an exact amount to be proven at trial but not less than $15,937,500.

Preferred Stock and accumulated dividends into Common Stock.

11.     Defendant, Arthur J. Fox, Jr. ("Fox"), a resident of the State of Maryland, served as a Director of Perini between 1989 and 2000, and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute.  According to Perini's proxy statement dated April 19, 2000, Fox beneficially owns or controls 11,729 shares of the Common Stock of Perini.  As more fully set forth hereinafter, during his tenure as a Perini director, Fox voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock.

12.     Defendant, Michael R. Klein, Esq. ("Klein"), a resident of the District of Columbia, serves as a Director of Perini since 1997, as Vice Chairman since 2000, and has participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute.  Pursuant to Perini's Proxy Statement dated April 16, 2003, Klein serves as the designated Perini board member for P.B. Capital Partners, L.P. ("PB Capital"), a former holder of Junior Preferred Stock who currently owns 4,656,795 shares of Common Stock, and whose sole limited partner is TSC. PB Capital's sole general partner is BLUM Capital Partners, L.P. ("BCP"), who shares voting rights and investing powers with PB Capital and TSC, and directly owns 4,254 shares of the Common Stock.  BCP also acts as an investment advisor to The Common Fund for Non-Profit Organizations ("The Common Fund"), a company that holds 1,162,348 shares of Common Stock.  Klein is also a partner with Wilmer, Cutler & Pickering, a law firm that has performed legal services for Perini.  As more fully set forth hereinafter, Klein voted for the exchange

64.     The Tender Offer was approved by Perini's Board of Directors.

65.     At the time of the Tender Offer, the aggregate amount of accrued but unpaid dividends for the Senior Depositary Preferred Stock was approximately $15,937,500 or $15.94 per share.

66.     Perini's Tender Offer to the Senior Depositary Preferred Shareholders did not include any amount for unpaid but accrued dividends.

67.     Perini's stated purpose of the Tender Offer was to alleviate its obligation to pay accrued but unpaid dividends to the Senior Depositary Preferred Shareholders.

68.     On June 9, 2003, Perini reported that approximately 439,627 shares of Senior Depositary Preferred Stock had been tendered.

## COUNT I

## BREACH OF FIDUCIARY DUTY

69.     Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 68 herein.

70.     At all times relevant to this action, defendants as directors and as majority controlling shareholders, owed a fiduciary duty of fidelity, trust, loyalty, candor, due care, and fair dealing to the holders of the Senior Depositary Preferred Stock.

71.     Defendants have breached their fiduciary duty owed to the Senior Depositary Preferred Stockholders in the following manner:

> (a)     By approving the Exchange Transaction which benefitted the former holders of Junior Preferred Stock who, through affiliated entities, were controlling directors of Perini, while simultaneously failing to offer any similar exchange to holders of

of Junior Preferred Stock and accumulated dividends into Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act oppressively towards the minority Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

13.     Defendant, Richard J. Boushka ("Boushka"), a resident of the State of Kansas, served as a Director of Perini from 1975 to 2001, and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. According to Perini's proxy statement dated April 18, 2001, Boushka beneficially owns or controls 13,990 shares of the Common Stock of Perini. As more fully set forth hereinafter, during his tenure as a Perini director, Boushka voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock and otherwise utilized his control to act oppressively towards the minority Senior Depositary Preferred Stockholders for an amount substantially below what they are owed.

14.     Defendant, Peter Arkley ("Arkley"), a resident of the State of California, serves as a Director of Perini since 2000, and has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. As more fully set forth hereinafter, Arkley has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Preferred Stock, voted for the

investment plus an additional $11.2 million for accrued dividends, no similar offer of exchange was made to the holders of Senior Depositary Preferred Stock, nor has Perini paid the Senior Depositary Preferred Shareholders any of the dividends that have accrued since 1996.

58.    As a result of the shares of common stock received by the former holders of Junior Preferred Stock in the Exchange Transaction, they controlled 33% of Perini's voting rights.

59.    As a result of the Exchange Transaction, the former holders of Junior Preferred Stock remained entitled to designate two directors to Perini's Board, and named defendants Klein and Kennedy as their designated directors.

60.    Following the March 29, 2000 Stock Purchase and Exchange Transaction, Tutor, either directly or indirectly through affiliated entities, and the other interested directors held approximately 75% of the Company's outstanding shares of Common Stock.

61.    Currently, the Company has outstanding 22,664,135 shares of Common Stock, with each share entitled to one vote.

62.    Pursuant to Perini's proxy statement dated April 16, 2003, of the 22,664,135 shares of Common Stock currently outstanding, Tutor-affiliated entities, including the group of former Junior Preferred Stockholders and the New Investors, hold a total of 18,682,555 shares or 78.21% of the class.

### Perini Tender Offer

63.    On March 31, 2003, Perini publicly announced a cash offer to purchase 900,000 shares or approximately 90% of the outstanding shares of Senior Depositary Preferred Stock at a purchase price of $20 per share, which was subsequently increased to $25 per share on May 8, 2003 (the "Tender Offer").

Tender Offer, and has otherwise utilized his control to act oppressively towards the minority Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

15.     Defendant, Robert A. Kennedy ("Kennedy"), a resident of the District of Columbia, serves since 2000 as the designated Perini Director for The Union Labor Life Insurance Company ("ULLILCO"), a company that formerly held shares of Junior Preferred Stock and currently owns 1,721,075 shares of Perini Common Stock on behalf of its Separate Account P.  Kennedy is also a Vice President of Special Projects for ULLILCO.  Kennedy has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute.  As more fully set forth hereinafter, Kennedy has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act oppressively towards the minority Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

16.     Defendant, Nancy Hawthorne ("Hawthorne"), a resident of the Commonwealth of Massachusetts, served as a Director of Perini from 1993 to 2002.  Hawthorne beneficially owns or controls 10,361 shares of the Common Stock of Perini.  As more fully set forth hereinafter, during her tenure as a Perini director, Hawthorne voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, and otherwise utilized her control to act oppressively towards the minority Senior Depositary Preferred Stockholders in

51.    Defendants Tutor, Oneglia and Lee were designated as representatives of the New Investors, and elected as directors on March 29, 2000.

### The Exchange Transaction

52.    As a condition to the Stock Purchase, the New Investors required that the holders of Junior Preferred Stock be entitled to exchange 100% of their illiquid, nonmarketable stock for approximately 7,490,417 shares of freely trading common stock valued at $5.50 per share (the "Exchange Transaction").

53.    The exchange price of $5.50 per share of common stock represented a substantial discount from the $9.68219 conversion price set forth in the Junior Preferred certificate of vote, and rewarded the Junior Preferred Stockholders with a windfall of substantially more common shares for their Junior Preferred Stock than they were entitled to receive.

54.    As a result of the Exchange Transaction, the former holders of Junior Preferred Stock collectively received 7,490,417 shares of common stock valued at approximately $41.2 million.

55.    The shares of common stock received as a result of the Exchange Transaction by the former holders of Junior Preferred Stock were valued at $41.2 million, reflecting a $11.2 million increase from their initial capital investment of $30 million.

56.    The $11.2 million increase from their capital investment of $30 million received by the former holders of Junior Preferred Stock as a result of the Exchange Transaction represented the payment to the Junior Preferred Shareholders of the unpaid dividends that had accrued on the Junior Preferred Stock since 1997.

57.    Although the former holders of Junior Preferred Stock benefitted from the Exchange Transaction by receiving shares of common stock reflecting their $30 million initial capital

00176198.WPD;1                                    18

order to compel them to relinquish their stock for an amount substantially below what they are owed.

17.     Defendant Raymond R. Oneglia ("Oneglia"), is a resident of the State of Connecticut, and pursuant to Perini's Proxy Statement dated April 16, 2003, serves since 2000 as the designated director of O&G Industries, Inc., a company that owns 2,502,941 shares of the Common Stock of Perini and a company in which Oneglia is a Director and Vice President. Oneglia has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. As more fully set forth hereinafter, Oneglia has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act oppressively towards the minority Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed.

18.     Defendant, Douglas J. McCarron ("McCarron"), a resident of the District of Columbia, served as a Director of Perini from 1997 to 2000 and was designated as a director by the Junior Preferred Stockholders. McCarron was the President of the Carpenters Union Local and a director of ULLILCO, a company that formerly held shares of Junior Preferred Stock and currently owns approximately 1,721,075 shares of Perini Common Stock on behalf of its Separate Account P. McCarron has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. As more fully set forth hereinafter, McCarron voted for the  exchange of Junior Preferred Stock and

common stock, or approximately 351,318 shares.

45.     As a further condition to the sale, the holders of Junior Preferred Stock had the right to designate three directors to the Board of Directors of Perini, and were also entitled to have all three directors appointed to the five-person Executive Committee, which gave the Junior Preferred Stockholders effective veto power and enabled them to wield control over the management of Perini.

46.     Defendants Tutor, Klein, and McCarron were designated as directors by the Junior Preferred Stockholders.

47.     As a result of the voting rights of the Junior Preferred Stockholders, their placement of three directors on Perini's Board and on the five-person Executive Committee, as well as the direct common shareholder rights of Tutor and his associates on the Board of Directors, the Junior Preferred Stockholders, led by Tutor, assumed control of the management of Perini.

### The March 29, 2000 Stock Purchase and Exchange Transaction

48.     On or about February 5, 2000, Perini entered into a Securities Purchase Agreement with a group of investors including TSC, O&G Industries, Inc. ("O&G"), and National Union Fire Insurance Company ("National") (collectively, the "New Investors"), for the purchase of 9,411,765 shares of newly issued Common Stock at $4.25 per share for an aggregate purchase price of $40,000,000 (the "Stock Purchase").

49.     In connection with the Stock Purchase, TSC acquired 2,352,942 shares of Common Stock, O&G acquired 2,352,941 shares and National acquired 4,705,882 shares.

50.     As a result of the amount of Common Stock acquired in the Stock Purchase, the New Investors, led by Tutor, obtained approximately 42% of the Company's voting rights and the right to designate three representatives to the Board of Directors.

accumulated dividends into Common Stock.

19.     Defendant, Jane E. Newman ("Newman"), a resident of the State of New Hampshire,

served as a Director of Perini from 1992 to 2000 and actively participated in the business of Perini

within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the

within lawsuit, sufficient for this Court to confer personal jurisdiction over her under Massachusetts'

long-arm statute. According to Perini's proxy statement dated April 19, 2000, Newman beneficially

owns or controls 9,745 shares of the Common Stock of Perini.  As more fully set forth hereinafter,

during her tenure as a Perini director, Newman voted for the exchange of Junior Preferred Stock and

accumulated dividends to Common Stock.

20.     Defendant, Wayne L. Berman ("Berman"), a resident of the District of Columbia,

serves as a Director of Perini since 2002 and has actively participated in the business of Perini within

the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within

lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-

arm statute.  As more fully set forth hereinafter, Berman has voted against the payment of accrued

dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted

for the Tender Offer, and has otherwise utilized his control to act oppressively towards the minority

Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an

amount substantially below what they are owed.

21.     Defendant Bonnie R. Cohen ("Cohen"), a resident of the District of Columbia, serves

as a Director of Perini since 2002 and has actively participated in the business of Perini within the

Commonwealth of Massachusetts, including the corporate activities that gave rise to the within

lawsuit, sufficient for this Court to confer personal jurisdiction over her under Massachusetts' long-

intention of resuming the payment of dividends on the Senior Depositary Preferred Stock at any time for the foreseeable future, nor was it under any obligation to do so.

### The Sale of the Series B Preferred Stock

39.     On or about January 17, 1997, the Company sold, in an unregistered private placement, 150,150 shares of Series B Junior Preferred  Stock for a total of $30,030,000, to an investor group led by (1) PB Capital, a limited investment partnership managed by Richard C. Blum & Associates, L.P. ("RCBA"), and comprised of general partner BCP and limited partner TSC; (2) The Common Fund, a RCBA-managed fund, and (3)  the Union Labor Life Insurance Company, Separate Account P ("ULLICO") (collectively, "The Junior Preferred Stockholders").

40.     The Junior Preferred Stock was junior in rank to the Senior Depositary Preferred Stock, both as to priority for the payment of dividends and liquidation preference.

41.     While this class of stock was not registered with the SEC and therefore could not be traded on a stock exchange or national securities market, it was convertible into shares of common stock at an approximate conversion price of $9.68 per share or 3,101,571 shares of common stock.

42.     Unlike the Senior Depositary Preferred Stock, the Junior Preferred Stock also had the same voting rights as shareholders of common stock, equivalent to the number of shares into which the Junior Preferred could be converted.

43.     As a condition of the sale of Junior Preferred Stock, Perini was required  to enter into a management agreement with TSC, wherein Perini would pay TSC annual consulting fees and provide Tutor with options to purchase 150,000 shares of common stock (the "Management Agreement").

44.     As of the date of the Management Agreement, TSC owned 7.24% of the outstanding

arm statute. As more fully set forth hereinafter, Cohen has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the approval of the Tender Offer, and has otherwise utilized her control to act oppressively towards the minority Senior Depositary Preferred Stockholders in order to compel them to relinquish their stock for an amount substantially below what they are owed. (Collectively, these defendants are referred to herein as "Defendants" or "Director Defendants.")

22.    Directors who are not employees of Perini are paid an annual retainer fee of $25,000, plus $900 per Board meeting attended,  as well as $900 per Committee meeting attended by members of the Audit, Compensation and Nominating Committees.

## NON-PARTY CORPORATION

23.    Perini is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 73 Mt. Wayte Avenue, Framingham, Massachusetts 01701. Perini provides general contracting, including building and civil construction, and construction management and design-build services to private clients and public agencies within the United States and internationally.

## CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as a class action on behalf of themselves and all persons and entities who are holders of Perini's Senior Depositary Preferred Stock (the "Class"). Excluded from the Class are defendants herein, members of the immediate families of each individual defendant, Perini and its subdivisions, affiliates and joint venture partners, and all institutions in which the defendants have a direct or indirect management interest.

00176198.WPD;1                                          11

[Senior Depositary Preferred Stock] for all dividend payment periods . . . shall have been paid. . . . (Emphasis added.)

34.     The Prospectus filed by Perini with the SEC in connection with its public offering of Senior Depositary Preferred Stock and distributed to and relied upon investors contained misleading statements in that it prohibited "cash dividends  . . .  or other distribution" on any class of stock ranking junior to the Senior Preferred prior to the payment of all accumulated dividend arrears to the Senior Depositary Preferred Stockholders, whereas the Certificate of Vote merely prohibited "cash dividend" or "cash distributions."

35.     Perini paid cash dividends to the holders of the Senior Depositary Preferred Stock from 1987 to 1995.

36.     On or about February 22, 1996, Perini amended its revolving credit agreements with its banks.  As a condition of restructuring its credit agreements, Perini announce that it could no longer pay any dividends on any of its equity securities until the credit line was repaid and other financial conditions were met.  Consequently, at that time, Perini ceased paying dividends on the Senior Depositary Preferred Stock, thereby causing the accrual of such unpaid dividends.

37.     In each of its annual reports for the years 1996 through 1999, Perini affirmatively and unequivocally stated that it intended to resume the payment of dividends due on the Senior Depositary Preferred Stock after it satisfied the terms of its credit agreements and the Board deemed it prudent to do so.

38.     Despite reporting record net income for 2000 in the amount of $24.4 million and the satisfaction of its credit obligations that lifted any bank restriction on the payment of dividends, the Board announced to its shareholders for the first time in Perini's 2000 Annual Report that it had no

25.    Upon information and belief, in excess of 200 individuals and institutions own the Senior Depositary Preferred Stock.  Joinder of all such Class members is impracticable.

26.    There are questions of law and fact common to all Class members which predominate over any questions affecting only individual Class members, including:

(a)    Whether the defendants, including those who were controlling directors and shareholders of the Company, owed the minority Senior Depositary Preferred Stockholders a fiduciary duty to act in a trustworthy, fair, candid and loyal manner;

(b)    Whether defendants who approved the Exchange Transaction for holders of the Junior Preferred Stock while simultaneously refusing to offer the same opportunity to the Senior Depositary Preferred Stockholders or otherwise pay any accrued dividends due on the Senior Depositary Preferred Stock, breached their fiduciary duties;

(c)    Whether the Exchange Transaction constituted improper self-dealing in that it benefitted the personal interests of certain controlling directors and shareholders directly or indirectly through affiliated entities without any benefit to the Company and without offering the same opportunity to the Senior Depositary Preferred Stockholders;

(d)    Whether defendants who voted against paying any accrued dividends or resume dividend payments on the Senior Depositary Preferred Stock after Perini had satisfied its credit obligations breached their fiduciary duties;

(e)    Whether defendants who approved the tender offer to the holders of Senior

Preferred Stock, and pursuant to a Certificate of Vote dated June 18, 1987 (the "Senior Certificate

of Vote"), the Company established a Class of Convertible Exchangeable Preferred Stock (the

"Preferred Stock") consisting of 100,000 shares at par value $1.00 per share, entitled to receive

annual dividends of $21.25 per share payable in quarterly installments commencing on September

15, 1987, which were cumulative if not timely paid. Pursuant to its Prospectus dated June 19, 1987,

Perini offered to the public through the American Stock Exchange, 1,000,000 shares of Senior

Depositary Preferred Stock at a price of $25.00 per share, representing ownership of 1/10 of a share

of the Preferred Stock. Each holder of Senior Depositary Preferred Stock was entitled to receive

annual dividends at a rate of $2.125 per share, which was to be payable quarterly commencing on

September 15, 1987 and cumulative if not timely paid. The First National Bank of Boston was

named as the depositary, and each holder of Senior Depositary Preferred Stock was entitled to all of

the rights and preferences of the underlying Preferred Stock.

32.     The Prospectus that was distributed to and relied upon by those investors who

purchased Perini's Senior Depositary Preferred Stock stated, with respect to the payment of dividends

to the Senior Depositary Preferred Stockholders that:

> [U]nless full cumulative dividends on the Preferred Stock have been paid or declared
> and funds set apart for such payment, *no cash dividends shall be declared or paid or
> other distribution made upon the Common Stock of the Company or any other stock
> of the Company ranking junior to or on a parity with the Preferred.*

33.     Unlike the Prospectus, Perini did not distribute the Senior Certificate of Vote to the

investing public. The Senior Certificate of Vote stated with respect to the payment of dividends that:

> [I]n no event . . . shall any *cash dividends whatsoever* be declared or paid upon, nor
> shall any *cash distribution* be made upon, the Common Stock, or any other stock of
> the corporation ranking junior to or on a parity with the [Senior Depositary Preferred
> Stock] as to dividends unless full cumulative dividends on all outstanding shares of

Depositary Preferred Stock at a price that did not include any accrued dividends breached their fiduciary duty;

(f)     Whether defendants acted unfairly and/or deceptively;

(g)     Whether defendants abdicated their duty to objectively and fairly consider the resumption of dividends on the Senior Depositary Preferred Stock;

(h)     Whether plaintiffs and the Class suffered damages, and the measure of such damages from the actions of the defendants as complained of herein.

27.     Plaintiffs are members of the Class, and all have claims that are typical of those of all other members of the Class.

28.     Plaintiffs and their counsel will fairly and adequately protect the interests of the Class, and have no interests antagonistic to those of the Class.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for individual Class members to seek redress for the wrongful conduct alleged.

30.     Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

### The Public Offering Of The Senior Depositary Preferred Stock

31.     On or about June 24, 1987, Perini filed its registration statement which contained a Prospectus, Certificate of Vote and voluminous other corporate documents with the United States Securities and Exchange Commission (the "SEC") in connection with the Company's public offering of its Senior Depositary Preferred Stock.  In connection with the offering of Senior Depositary

00176198.WPD;1                    13