# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

------------------------------------------------------------- X

FREDERICK DOPPELT, ARTHUR I. CAPLAN,
LELAND D. ZULCH, YVONNE WEBER, and
MARTIN SHUBIK, individually and as
representatives of a class of holders of Depository
Convertible Exchangeable Preferred Shares,

　　　　　　　　　　Plaintiffs,

　　-against-

RONALD N. TUTOR, ROBERT BAND,
CHRISTOPHER H. LEE, MARSHALL M. CRISER,
ARTHUR J. FOX, JR., MICHAEL R. KLEIN,
RICHARD J. BOUSHKA, PETER ARKLEY,
ROBERT A. KENNEDY, DOUGLAS J.
McCARRON, NANCY HAWTHORNE, RAYMOND
R. ONEGLIA, JANE E. NEWMAN and
WAYNE L. BERMAN,

　　　　　　　　　　Defendants.

------------------------------------------------------------- X

**02 CV. 12010 (MLW)**

**THIRD AMENDED
CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, by their undersigned counsel, allege for their Third Amended Class Action

Complaint against the defendants the following:

## NATURE OF THE ACTION

1.　　Plaintiffs bring this action individually and as representatives of a class of holders

of $2.125 Depository Convertible Exchangeable Preferred Shares, representing 1/10th Share of

$21.25 Convertible Exchangeable Preferred Stock of Perini Corporation (the "Senior Depositary

Preferred Stock"), to recover for defendants' breach of their fiduciary duty of good faith and fair

dealing that included authorizing certain acts that promoted the interests of a group of investors

that included certain majority controlling shareholders, officers and directors of Perini, to the

detriment of the Senior Depositary Shareholders and by refusing to fairly and objectively

consider the resumption of dividend payments on the Senior Depositary Preferred Stock despite

the lifting of previous banking restrictions on such payments and record net income reported by

the Company.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the subject matter of this controversy pursuant to 28

U.S.C. §1332(a)(1).  All named plaintiffs reside in a state other than the state of citizenship of all

named defendants, and the amount in controversy exceeds $75,000.00.

3.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiff, Frederick Doppelt ("Doppelt"), is a resident of the State of New York

who currently owns 59,200 shares of the Senior Depositary Preferred Stock and has owned

shares since August 22, 1991.  Doppelt also serves as a Director of Perini Corporation ("Perini"

or the "Company") since 1998, specially designated by the holders of the Senior Depositary

Preferred Stock to represent their interests.

5.      Plaintiff, Arthur I. Caplan, ("Caplan") is a resident of the State of Florida who

owns 2,500 shares of the Senior Depositary Preferred Stock and has owned shares since

February 20, 1996. Caplan was a Director of Perini until 2001, specially designated by the

holders of the Senior Depositary Preferred Stock to represent their interests.

6.      Plaintiff, Leland D. Zulch ("Zulch"), is a resident of the State of Washington who

owns 2,000 shares of the Senior Depositary Preferred Stock and has owned shares since

March 31, 1997.

7.    Plaintiff, Yvonne Weber ("Weber"), is a resident of the State of Oregon who owns 100 shares of the Senior Depositary Preferred Stock and has owned shares since October 1, 1990.

8.    Plaintiff, Martin Shubik ("Shubik"), is a resident of the State of Connecticut who beneficially owns 26,000 shares of the Senior Depositary Preferred Stock and has owned shares since October 3, 1990.

9.    Defendant, Ronald N. Tutor ("Tutor"), a resident of the State of California, serves as Director, Chairman and Chief Executive Officer of Perini since March 29, 2000. Prior to that, he served as Director and Chairman since July 1, 1999, as Director and Vice Chairman since January 1, 1998 and as a Director and Acting Chief Operating Officer since January 17, 1997. Tutor has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. Tutor is also Chairman, President, Chief Executive Officer and sole shareholder of Tutor-Saliba Corporation ("TSC"), a construction company based in California that beneficially holds approximately 27% of the outstanding shares of Perini Common Stock. TSC has participated in numerous joint ventures with Perini and has lucrative management and consultant contracts with Perini. Since 1997, Tutor has led a group of investors who collectively, through their beneficial ownership of Perini stock, participation in various shareholder agreements, and right to designate Perini directors, have acquired majority control over the business and management of Perini. As more fully set forth hereinafter, Tutor has utilized his control to obtain unfair advantages including the exchange of Junior Preferred Stock and accumulated dividends into Common Stock while at the same time denying the same opportunity to the minority Senior Depositary

{00226845.DOC;1}                                3

Preferred Shareholder, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his management and control of Perini to act unfairly and oppressively towards the Senior Depositary Preferred Stockholders.

10.     Defendant, Robert Band ("Band"), a resident of the Commonwealth of Massachusetts, serves as Director, President and Chief Operating Officer of Perini since March 29, 2000.  Prior to that, he served as Director, President and Chief Executive Officer since May 12, 1999 and prior to that, as Executive Vice President and Chief Financial Officer of Perini since December 1997.  Band is also President of Perini Management Services, Inc., a subsidiary of Perini and has held various other management positions with Perini since 1973. According to Perini's Proxy Statement dated April 16, 2003, Band beneficially owns or controls 267,405 shares of the Common Stock of Perini.  As more fully set forth hereinafter, Band voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

11.     Defendant, Christopher H. Lee ("Lee"), a resident of the State of Connecticut, served as a Director of Perini between 2000 and 2001 and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. Lee was a designated Perini board member for National Union Fire Insurance Company of Pittsburgh, Pa., a company that owns 4,705,882 shares of the

Common Stock of Perini, and is a wholly owned subsidiary of American International Group., Inc. ("AIG"), a company that, in 2002, did $9.5 million in surety, insurance and insurance-related services with Perini. As more fully set forth hereinafter, during his tenure as a Perini director, Lee voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depository Preferred Stock, and has otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depository Preferred Stockholders.

12.     Defendant, Marshall M. Criser ("Criser"), a resident of the State of Florida, served as a Director of Perini between 1985 and 2000 and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. According to Perini's Proxy Statement dated April 19, 2000, Criser beneficially owns or controlled 11,566 shares of the Common Stock of Perini. As more fully set forth hereinafter, during his tenure as a Perini director, Criser voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock.

13.     Defendant, Arthur J. Fox, Jr. ("Fox"), a resident of the State of Maryland, served as a Director of Perini between 1989 and 2000, and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. According to Perini's proxy statement dated April 19, 2000, Fox beneficially owns or controls 11,729 shares of the Common Stock of Perini. As more fully set forth hereinafter, during his tenure as a Perini director, Fox voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock.

14.     Defendant, Michael R. Klein, Esq. ("Klein"), a resident of the District of
Columbia, serves as a Director of Perini since 1997, as Vice Chairman since 2000, and has
participated in the business of Perini within the Commonwealth of Massachusetts, including the
corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer
personal jurisdiction over him under Massachusetts' long-arm statute. Mr. Klein also serves on
the Board's Audit Committee, Compensation Committee and Nominating Committee. Mr. Klein
was originally elected to Perini's Board as the designated nominee of P.B. Capital Partners, L.P.
("PB Capital"), a former holder of Junior Preferred Stock who currently owns 4,244,149 shares
of Common Stock, and whose sole limited partner up until November 13, 2003 was TSC, when
TSC received a distribution of 245,528 shares of common stock representing its former limited
partnership interest in PB Capital.  PB Capital's sole general partner is BLUM Capital Partners,
L.P. ("BCP"), who has shared voting rights and investing powers with PB Capital, and owns
5,485,324 shares of the Common Stock.  BCP also acts as an investment advisor to The
Common Fund for Non-Profit Organizations ("The Common Fund"), a company that holds
1,162,348 shares of Common Stock.  Klein is also a partner with Wilmer, Cutler & Pickering
LLP, a Washington, D.C.-based law firm that has performed legal services for Perini.  As more
fully set forth hereinafter, Klein voted for the exchange of Junior Preferred Stock and
accumulated dividends into Common Stock, voted against the  payment of accrued dividends
and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the
Tender Offer, and has otherwise utilized his control to act unfairly and oppressively towards the
minority Senior Depositary Preferred Stockholders.

15.     Defendant, Richard J. Boushka ("Boushka"), a resident of the State of Kansas,
served as a Director of Perini from 1975 to 2001, and actively participated in the business of

Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute.   According to Perini's proxy statement dated April 18, 2001, Boushka beneficially owns or controls 13,990 shares of the Common Stock of Perini.  As more fully set forth hereinafter, during his tenure as a Perini director, Boushka voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock and otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

16.     Defendant, Peter Arkley ("Arkley"), a resident of the State of California, serves as a Director of Perini since 2000, and has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. As more fully set forth hereinafter, Arkley has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

17.     Defendant, Robert A. Kennedy ("Kennedy"), a resident of the District of Columbia, serves since 2000 as the designated Perini Director for The Union Labor Life Insurance Company ("ULLICO"), a company that formerly held shares of Junior Preferred Stock and currently owns 1,721,075 shares of Perini Common Stock on behalf of its Separate Account P. Kennedy is also a Vice President of Special Projects for ULLICO.  Kennedy has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the

corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. As more fully set forth hereinafter, Kennedy has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and has otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

18.      Defendant, Nancy Hawthorne ("Hawthorne"), a resident of the Commonwealth of Massachusetts, served as a Director of Perini from 1993 to 2002. Hawthorne beneficially owns or controls 10,361 shares of the Common Stock of Perini. As more fully set forth hereinafter, during her tenure as a Perini director, Hawthorne voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock, voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, and has otherwise utilized her control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

19.      Defendant Raymond R. Oneglia ("Oneglia"), is a  resident of the State of Connecticut, and pursuant to Perini's Proxy Statement dated April 16, 2003, serves since 2000 as the designated director of O&G Industries, Inc., a company that owns 2,502,941  shares of the Common Stock of Perini and a company in which Oneglia is a Director and Vice President. Oneglia has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute. As more fully set forth hereinafter, Oneglia has voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the

{00226845.DOC;1}                                    8

Tender Offer, and has otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

20.     Defendant, Douglas J. McCarron ("McCarron"), a resident of the District of Columbia, served as a Director of Perini from 1997 to 2000 and was designated as a director by the Junior Preferred Stockholders. McCarron was the President of the Carpenters Union Local and a director of ULLICO, a company that formerly held shares of Junior Preferred Stock and currently owns approximately 1,721,075 shares of Perini Common Stock on behalf of its Separate Account P.  McCarron has actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute.  As more fully set forth hereinafter, McCarron voted for the exchange of Junior Preferred Stock and accumulated dividends into Common Stock.

21.     Defendant, Jane E. Newman ("Newman"), a resident of the State of New Hampshire, served as a Director of Perini from 1992 to 2000 and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over her under Massachusetts' long-arm statute.  According to Perini's proxy statement dated April 19, 2000, Newman beneficially owns or controls 9,745 shares of the Common Stock of Perini.  As more fully set forth hereinafter, during her tenure as a Perini director, Newman voted for the exchange of Junior Preferred Stock and accumulated dividends to Common Stock.

22.     Defendant, Wayne L. Berman ("Berman"), a resident of the District of Columbia, served as a Director of Perini from 2002 to 2003 and actively participated in the business of Perini within the Commonwealth of Massachusetts, including the corporate activities that gave

rise to the within lawsuit, sufficient for this Court to confer personal jurisdiction over him under Massachusetts' long-arm statute.  As more fully set forth hereinafter, Berman voted against the payment of accrued dividends and the resumption of dividend payments on the Senior Depositary Preferred Stock, voted for the Tender Offer, and otherwise utilized his control to act unfairly and oppressively towards the minority Senior Depositary Preferred Stockholders.

23.    Directors who are not employees of Perini are paid an annual retainer fee of $25,000, plus $900 per Board meeting attended, as well as $900 per Committee meeting attended by members of the Audit, Compensation and Nominating Committees.

## NON-PARTY CORPORATION

24.    Perini is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 73 Mt. Wayte Avenue, Framingham, Massachusetts 01701.  Perini provides general contracting, including building and civil construction, and construction management and design-build services to private clients and public agencies within the United States and internationally.

## CLASS ACTION ALLEGATIONS

25.    Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as a class action on behalf of themselves and all other persons and entities who are current holders of Perini's Senior Depositary Preferred Stock and who purchased their shares on or before April 18, 2001, the date of Perini's 2000 annual report (the "Class").  Excluded from the Class are the defendants herein, members of the immediate families of each individual defendant, Perini and its subdivisions, affiliates and joint venture partners, and all institutions in which the defendants have a direct or indirect management interest.

26.     Upon information and belief, there are in excess of 100 individuals and institutions who own Perini Senior Depositary Preferred Stock. Joinder of all such Class members is impracticable.

27.     There are questions of law and fact common to all Class members which predominate over any questions affecting only individual Class members, including whether defendants acted in breach of their fiduciary duty of good faith and fair dealing to the Senior Depositary Preferred Shareholders by:

(a)     Engaging in a self-dealing Exchange Transaction that benefited holders of Junior Preferred Stock who were also majority controlling shareholders, officers and directors of Perini, while simultaneously refusing to offer any similar opportunity to the Senior Depositary Preferred Stockholders or otherwise pay any accrued dividends due on the Senior Depositary Preferred Stock;

(b)     Failing and refusing to objectively and fairly consider the resumption of Senior Preferred dividends and refusing to pay accrued dividends despite the lifting of all restrictions regarding the payment of such dividends and the financial ability of Perini to declare and pay such dividends;

(c)     Publishing statements in each of Perini's annual reports from 1996 through 1999 that Perini intended to resume dividend payments on the Senior Depositary Preferred Stock, but then subsequent to the Exchange Transaction, stating that Perini was under no obligation to resume such dividend payments and had no intention of doing so at any time in the foreseeable future; and

(d)     Causing plaintiffs and the Class to suffer damages, and the measure of such damages from the actions of the defendants as complained of herein.

28.     Plaintiffs are members of the Class, and all have claims that are typical of those of all other members of the Class.

29.     Plaintiffs and their counsel will fairly and adequately protect the interests of the Class, and have no interests antagonistic to those of the Class.

30.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by certain individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for individual Class members to seek redress for the wrongful conduct alleged.

31.    Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## The Public Offering Of The Senior Depositary Preferred Stock

32.    On or about June 24, 1987, Perini filed its registration statement which contained a Prospectus, Certificate of Vote and voluminous other corporate documents with the United States Securities and Exchange Commission (the "SEC") in connection with the Company's public offering of its Senior Depositary Preferred Stock.  In connection with the offering of Senior Depositary Preferred Stock, and pursuant to a Certificate of Vote dated June 18, 1987 (the "Senior Certificate of Vote"), the Company established a Class of Convertible Exchangeable Preferred Stock (the "Preferred Stock") consisting of 100,000 shares at par value $1.00 per share, entitled to receive annual dividends of $21.25 per share payable in quarterly installments commencing on September 15, 1987, which were cumulative if not timely paid.  Pursuant to its Prospectus dated June 19, 1987, Perini offered to the public through the American Stock Exchange, 1,000,000 shares of  Senior Depositary Preferred Stock at a price of $25.00 per share, representing ownership of 1/10 of a share of the Preferred Stock.  Each holder of Senior Depositary Preferred Stock was entitled to receive annual dividends at a rate of $2.125 per share, which was to be payable quarterly commencing on September 15, 1987 and cumulative if not timely paid.  The First National Bank of Boston was named as the depositary, and each holder of

{00226845.DOC;1}                                    12

Senior Depositary Preferred Stock was entitled to all of the rights and preferences of the underlying Preferred Stock.

33.     While the Prospectus filed by Perini with the SEC in connection with its public offering of Senior Depositary Preferred Stock and distributed to and relied upon investors contained statements in that it prohibited "cash dividends . . . or other distribution" on any class of stock ranking junior to the Senior Preferred prior to the payment of all accumulated dividend arrears to the Senior Depositary Preferred Stockholders, the Certificate of Vote merely prohibited "cash dividends" or "cash distributions."

34.     Perini paid quarterly cash dividends to the holders of the Senior Depositary Preferred Stock from 1987 to 1995.

35.     On or about February 22, 1996, Perini amended its revolving credit agreements with its banks.  As a condition of restructuring its credit agreements, Perini announced that it could no longer pay any dividends on any of its equity securities until the credit line was repaid and other financial conditions were met.  Consequently, at that time, Perini ceased paying dividends on the Senior Depositary Preferred Stock, thereby causing the accrual of such unpaid dividends.

36.     In each of its annual reports for the years 1996 through 1999, Perini affirmatively and unequivocally stated that it intended to resume the payment of dividends due on the Senior Depositary Preferred Stock after it satisfied the terms of its credit agreements and the Board deemed it prudent to do so.

37.     Despite reporting record net income for 2000 in the amount of $24.4 million and the satisfaction of its credit obligations that lifted any bank restriction on the payment of dividends, the Board announced to its shareholders for the first time in Perini's 2000 Annual

Report that it had no intention of resuming the payment of dividends on the Senior Depositary Preferred Stock at any time for the foreseeable future, nor was it under any obligation to do so. Perini continues to report record net earnings, but its directors, except for the Senior Preferred Directors, have steadfastly refused to fairly and objectively consider the resumption of dividend payments on the Senior Preferred Stock.

### The Sale of the Series B Preferred Stock

38.     On or about January 17, 1997, the Company sold, in an unregistered private placement, 150,150 shares of Series B Junior Preferred Stock for a total of $30,030,000, to an investor group led by (1) PB Capital, a limited investment partnership managed by Richard C. Blum & Associates, L.P. ("RCBA"), and comprised of general partner BCP and limited partner TSC; (2) The Common Fund, a RCBA-managed fund, and (3) the Union Labor Life Insurance Company, Separate Account P ("ULLICO") (collectively, "The Junior Preferred Stockholders").

39.     The Junior Preferred Stock was junior in rank to the Senior Depositary Preferred Stock, both as to priority for the payment of dividends and liquidation preference.

40.     While this class of stock was not registered with the SEC and therefore could not be traded on a stock exchange or national securities market, it was convertible into shares of common stock at an approximate conversion price of $9.68 per share or 3,101,571 shares of common stock.

41.     Unlike the Senior Depositary Preferred Stock, the Junior Preferred Stock also had the same voting rights as shareholders of common stock, equivalent to the number of shares into which the Junior Preferred could be converted.

42.     As a condition of the sale of Junior Preferred Stock, Perini was required to enter into a management agreement with TSC, wherein Perini would pay TSC annual consulting fees

and provide Tutor with options to purchase 150,000 shares of common stock (the "Management Agreement").

43.     As a further condition to the sale, the holders of Junior Preferred Stock had the right to designate three directors to the Board of Directors of Perini, and were also entitled to have all three directors appointed to the five-person Executive Committee, which gave the Junior Preferred Stockholders effective veto power and enabled them to wield control over the management of Perini.

44.     Defendants Tutor, Klein, and McCarron were designated as directors by the Junior Preferred Stockholders.

45.     As a result of the voting rights of the Junior Preferred Stockholders, their placement of three directors on Perini's Board and on the five-person Executive Committee, as well as the direct common shareholder rights of Tutor and his associates on the Board of Directors, the Junior Preferred Stockholders, led by Tutor, assumed control of the management of Perini.

### The March 29, 2000 Stock Purchase

46.     On or about February 5, 2000, Perini entered into a Securities Purchase Agreement with a group of investors including TSC, O&G Industries, Inc. ("O&G"), and National Union Fire Insurance Company ("National") (collectively, the "New Investors"), for the purchase of 9,411,765 shares of newly issued Common Stock at $4.25 per share for an aggregate purchase price of $40,000,000 (the "Stock Purchase").

47.     In connection with the Stock Purchase, TSC acquired 2,352,942 shares of Common Stock, O&G acquired 2,352,941 shares and National acquired 4,705,882 shares.

48.     As a result of the amount of Common Stock acquired in the Stock Purchase, the New Investors, led by Tutor, obtained approximately 42% of the Company's voting rights and the right to designate three representatives to the Board of Directors.

49.     Defendants Tutor, Oneglia and Lee were designated as representatives of the New Investors, and elected as directors on March 29, 2000.

## The Exchange Transaction

50.     As a condition to the Stock Purchase, the New Investors required that the holders of Junior Preferred Stock be entitled to exchange 100% of their illiquid, nonmarketable stock for approximately 7,490,417 shares of freely trading common stock valued at $5.50 per share (the "Exchange Transaction").

51.     The exchange price of $5.50 per share of common stock represented a substantial discount from the $9.68219 conversion price set forth in the Junior Preferred certificate of vote, and rewarded the Junior Preferred Stockholders with a windfall of substantially more common shares for their Junior Preferred Stock than they were entitled to receive, diluting the conversion feature of the Senior Depositary Preferred Stock.

52.     As a result of the Exchange Transaction, the former holders of Junior Preferred Stock collectively received 7,490,417 shares of common stock valued at approximately $41.2 million.

53.     The shares of common stock received as a result of the Exchange Transaction by the former holders of Junior Preferred Stock were valued at $41.2 million, reflecting an $11.2 million increase from their initial capital investment of $30 million.

54.     The $41.2 million received by the former holders of Junior Preferred Stock as a result of the Exchange Transaction was a "premium" that included $11.2 million in dividends.

55.     Although the former holders of Junior Preferred Stock benefited from the Exchange Transaction by receiving shares of common stock reflecting their $30 million initial capital investment plus an additional $11.2 million for dividends, no similar offer of exchange was made to the holders of Senior Depositary Preferred Stock, nor has Perini paid the Senior Depositary Preferred Shareholders any of the dividends that have accrued since 1996.

56.     As a result of the shares of common stock received by the former holders of Junior Preferred Stock in the Exchange Transaction, they controlled 33% of Perini's voting rights.

57.     As a result of the Exchange Transaction, the former holders of Junior Preferred Stock remained entitled to designate two directors to Perini's Board, and named defendants Klein and Kennedy as their designated directors.

58.     Following the March 29, 2000 Stock Purchase and Exchange Transaction, Tutor, either directly or indirectly through affiliated entities, and the other interested directors held approximately 75% of the Company's outstanding shares of Common Stock.

59.     At subsequent director meetings held following the approval of the Exchange Transaction, the Tutor-led Board, with the exception of the directors designated by the Senior Depositary Preferred Shareholders, has refused to fairly and objectively consider the resumption of dividend payments on the Senior Depositary Preferred Stock.

60.     On March 31, 2003, Perini publicly announced a cash offer to purchase 900,000 shares or approximately 90% of the outstanding shares of Senior Depositary Preferred Stock at a purchase price of $20 per share, which was subsequently increased to $25 per share on May 8, 2003 (the "Tender Offer").

61.    The Tender Offer was approved by Perini's Board of Directors, over the objection of the directors designated by the Senior Depositary Preferred Shareholders.

62.    At the time of the Tender Offer, the aggregate amount of accrued but unpaid dividends for the Senior Depositary Preferred Stock was approximately $15,937,500 or $15.94 per share.

63.    Perini's Tender Offer to the Senior Depositary Preferred Shareholders did not include any amount for unpaid but accrued dividends.

64.    Perini's stated purpose of the Tender Offer was to alleviate its obligation to pay accrued but unpaid dividends to the Senior Depositary Preferred Shareholders.

65.    Perini reported that as of the expiration of the tender offer on June 9, 2003, it had purchased and immediately retired approximately 440,627 shares of Senior Depositary Stock.

66.    The completion of the tender offer resulted in the reversal of approximately $7.3 million of previously accrued but unpaid dividends on the Senior Depositary Stock, which was added to net income for the purpose of computing earnings per common share for the year ending December 31, 2003.

67.    As of December 31, 2003, the aggregate amount of accrued but unpaid dividends owed to holders of Senior Depositary Stock was $9.8 million, which represented approximately $175.32 per share of $21.25 Preferred Stock or approximately $17.53 per Depositary Share.

### The Secondary Offering

68.    On or about April 12, 2004, a secondary offering of 5,910,800 shares of Perini common stock at $15.00 per share was announced on behalf of a stockholder group predominantly consisting of the former Junior Preferred Stockholders. As part of this secondary offering, the former Junior Preferred Stockholders offered for sale, 3,864,764 of the 7,490,417

{00226845.DOC;1}                                      18

shares of common stock received in connection with the Exchange Transaction at $5.50 per share. After the payment of related costs and commissions, the former Junior Preferred Stockholders received approximately $58,000,000 from the sale of these shares, representing a huge windfall from their initial capital investment in Perini of $30,000,000.

## COUNT I

## **BREACH OF FIDUCIARY DUTY**

69.     Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 68 herein.

70.     At all times relevant to this action, defendants as majority controlling shareholders, officers and directors owed a fiduciary duty of good faith and fair dealing to the holders of the Senior Depositary Preferred Stock.

71.     Defendants have breached their fiduciary duty owed to the Senior Depositary Preferred Stockholders by a scheme that has included:

(a)     Approving a self-dealing transaction that benefited certain majority controlling shareholder, officers and directors of Perini by exchanging illiquid Series B Cumulative Convertible Preferred Stock (the "Junior Preferred Stock"), into newly-issued common stock at an exchange rate that was heavily discounted from the conversion price contained in the Junior Preferred Certificate of Vote, enabling the holders of Junior Preferred Stock to receive a return of their principal investment of $30 million, plus dividends in the amount of $11,200,000 ("Exchange Transaction"), while simultaneously depriving the Senior Depositary Preferred Shareholders of the same opportunity to benefit from such an exchange or otherwise receive value for accrued dividends due on the Senior Depositary Preferred Stock;

(b)     Devising a scheme and engaging in a course of conduct to deprive plaintiffs of the benefit and value of their Senior Depositary Preferred Stock, while at the same time, using their control over the Company to benefit from self-dealing transactions;

{00226845.DOC;1}                                19

(c)     Abdicating their duty to objectively and fairly consider the resumption of Senior Preferred dividends and refusing to pay accrued dividends despite the lifting of all restrictions regarding the payment of such dividends and the financial ability of Perini to declare and pay such dividends; and

(d)     Publishing statements in each of Perini's annual reports from 1996 through 1999 that it intended to resume dividend payments on the Senior Depositary Stock but then subsequent to the Exchange Transaction, stating that Perini was under no obligation to resume such dividend payments and had no intention of doing so at any time in the foreseeable future.

72.     Plaintiffs and all other members of the Class have suffered substantial damages by reason of the breaches of fiduciary duty by the defendants.

73.     Accordingly, the defendants are liable to plaintiffs and members of the Class for breach of fiduciary duty in an exact amount to be proven at trial but not less than $10,000,000 dollars.

**WHEREFORE**, plaintiffs respectfully request that this Court:

A.     Certify this action as a class action with plaintiffs and their counsel as representatives of the Class;

B.     Award plaintiffs and members of the Class the damages they have suffered by reason of defendants' misconduct in an amount to be proven at trial, but not less than $10,000,000, plus interest from the earliest date permitted by law;

C.     Award plaintiffs the costs and disbursements incurred in prosecuting this action, including an award of attorneys', accountants' and experts' fees; and

D.     Award plaintiffs all other relief as this Court deems just and proper.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------ X

FREDERICK DOPPELT, ARTHUR I. CAPLAN
and LELAND D. ZULCH, individually and as          :
representatives of a class of holders of Depositary
Convertible Exchangeable Preferred Shares,        :

                                                  :        **02 CV. 12010 (MLW)**

              Plaintiffs,                          :

    -against-                                      :

RONALD N. TUTOR, ROBERT BAND,                      :
CHRISTOPHER H. LEE, MARSHALL M. CRISER,
ARTHUR J. FOX, JR., MICHAEL R. KLEIN,             :
RICHARD J. BOUSHKA, PETER ARKLEY,
ROBERT A. KENNEDY, DOUGLAS J.                      :
McCARRON, NANCY HAWTHORNE, RAYMOND
R. ONEGLIA, JANE E. NEWMAN and WAYNE L.           :
BERMAN,

                                                  :

              Defendants.

------------------------------------------------------------------ X

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the Third Amended Complaint, by mailing a copy of same to all counsel of record, by federal express, overnight delivery:

Matthew Weiss, Esq.                          Steve Schreckinger, Esq.
Weiss & Associates, P.C.                     Palmer & Dodge
419 Park Avenue South - 2nd Fl.              111 Huntington Avenue
New York, New York 10016                     Boston, Massachusetts 02199

Daniel J. Kramer, Esq.                       Stuart M. Glass, Esq.
Eryn Starun, Esq.                            R. Todd Cronan, Esq.
Paul Weiss Rifkind Wharton & Garrison LLP    Goodwin Procter LLP
1285 Avenue of the Americas                  Exchange Place
New York, New York 10019-6064                Boston, MA 02109

Dated:  May 12, 2004

                                  _____
                                         Felicia S. Ennis

{00229113.DOC;1}