## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------  X

FREDERICK DOPPELT, ARTHUR I. CAPLAN,
LELAND D. ZULCH, YVONNE WEBER, and      :   **02 CV. 12010 (MLW)**
MARTIN SHUBIK, individually and as
representatives of a class of holders of Depositary   :
Convertible Exchangeable Preferred Shares,

                                        :

                  Plaintiffs,

                                          :

     -against-

                                          :

RONALD N. TUTOR, ROBERT BAND,           **HEARING ORDER**
CHRISTOPHER H. LEE, MARSHALL M. CRISER,   :
ARTHUR J. FOX, JR., MICHAEL R. KLEIN,
RICHARD J. BOUSHKA, PETER ARKLEY,      :
ROBERT A. KENNEDY, DOUGLAS J.
McCARRON, NANCY HAWTHORNE,      :
RAYMOND R. ONEGLIA, JANE E. NEWMAN and
WAYNE L. BERMAN,                         :

                  Defendants.

---------------------------------------------------------------  X

MARK L. WOLF, UNITED STATES DISTRICT JUDGE

WHEREAS:

      A.      Plaintiffs Frederick Doppelt, Arthur I. Caplan, Leland D. Zulch, Yvonne Weber

and Martin Shubik, individually and as representatives of a class of holders of $2.125 Depositary

Convertible Exchangeable Preferred Shares of Perini Corporation, each representing 1/10th share

of $21.25 Convertible Exchangeable Preferred Stock (the "Senior Depositary Preferred Stock"),

and Ronald N. Tutor, Robert Band, Christopher H. Lee, Marshall M. Criser, Arthur J. Fox, Jr.,

Michael R. Klein, Richard J. Boushka, Peter Arkley, Robert A. Kennedy, Douglas J. McCarron,

Nancy Hawthorne, Raymond R. Oneglia, Jane E. Newman and Wayne L. Berman (collectively

the "Defendants"), have entered into a Settlement, the terms of which are set forth in a

Stipulation of Settlement, dated February 15, 2005 (the "Stipulation");

B.      The Parties have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for approval of the Settlement of the above-entitled action (the "Action");

C.      The Court having read and considered the Stipulation of Settlement, proposed Notice to the Settlement Class, Claim Form and Publication Notice and conducted a hearing on April 19, 2005;

D.      The Court finding that there exist substantial and sufficient grounds for entering this Order;

IT IS HEREBY ORDERED:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation.  Any inconsistencies between the Stipulation and this Order or the notices will be controlled by the language of the Stipulation.

2.      The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3.      The Court preliminarily finds for purposes of Settlement that all elements for maintenance of this Action as a class action under Rule 23 of the Federal Rules of Civil Procedure have been met by the Settlement Class.

4.      Prosecution by any Settlement Class Member of any action or claim that is subject to the release and dismissal contemplated by the Settlement is hereby enjoined.

5.    NOTICE

(a)    Beginning by May 16, 2005, (the "Notice Date"), Defendants or their designated representatives shall cause a copy of the Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing ("Notice"), substantially in the form annexed here to as Exhibit A, along with a copy of the Claim Form substantially in the form annexed hereto as Exhibit B, to be mailed by first class mail to all holders of Senior Depositary Preferred Stock as of the date of the Notice Date at the address of each such person as set forth in the records of Perini or its transfer agent.

(b)    By June 6, 2005, Defendants or their designated representatives shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit C, to be published once each on separate days in the national editions each of *The Wall Street Journal* and *USA Today*.

(c)    The Court approves the form of Notice, the accompanying Claim Form, Publication Notice and the Stipulation and finds that the procedures established for publication, mailing and distribution of such notices substantially in the manner and form set forth in Paragraph 1 of this Order will meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and will constitute the best notice practicable under the circumstances to members of the Class.

(d)    To effectuate the provision of notice provided for in this Order, and the collection, analysis and determination of opt-out forms and Letters of

Transmittal submitted in accordance with the terms of the Notice, and other actions required by this Order, the Court hereby approves the selection of Equiserve Inc. to serve as Class Administrator and Georgeson Shareholder to serve as Information Agent.

(e)     The costs of notification to Settlement Class Members of the Settlement, including printing, mailing and publication of all required notices, shall be paid by Perini Corporation and neither plaintiffs nor their counsel shall incur any administrative or other cost in connection with the notification process.

(f)     All nominees who hold Perini Senior Preferred Stock for beneficial owners who are Settlement Class Members are directed to forward the Notice and Claim Form to such beneficial owners or supply the names and addresses of such beneficial owners to the Class Administrator as set forth in the Notice.

(g)     By August 1, 2005, Defendants shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and publication of the Publication Notice shall have been made in accordance with this Order.

6.     PROCEDURES FOR HEARING:

(a)     A hearing (the "Hearing") shall be held before the Honorable Mark L. Wolf on August 8, 2005 at 3:00 p.m. (or at such adjourned time or times as the Court may direct) (the "Hearing Date"), at the United States District Courthouse for the District of Massachusetts, Boston, MA 02210 to: (i) determine whether the

4

proposed Settlement of the Action is fair, reasonable, and adequate, and should be

approved by the Court, and whether a judgment dismissing the Action should be

entered; (ii) consider the application of attorneys' fees and expenses by Plaintiffs'

Counsel; and (iii) reserve jurisdiction to effect and enforce the Settlement; and

(b)     Any member of the Settlement Class who intends to Opt-out of the

Settlement in whole or in part must do so by sending a written request for

exclusion to the Class Administrator, located at Equiserve Inc., P.O. Box 3228,

Edison, NJ 08818-3228, attention:  Class Administrator, such notice to be

received on or before July 11, 2005 (the "Opt-out Date").  The written request

must contain the person desiring exclusion's name, address, social security

number or tax identification number, exact holdings of Senior Depositary

Preferred Stock, exact number of shares to be excluded and must be signed by

that person.

(i)     A member of the Settlement Class who fully and validly
Opts-out will not be bound by any orders or judgments entered in respect of the
settlement, shall not be entitled to receive any benefits provided by the proposed
Settlement and may pursue his or her own remedies solely at his or her own
expense.

(ii)     Any member of the Settlement Class who excludes only a
portion of his or her holdings of Senior Depositary Preferred Stock shall be a
Settlement Class Member.  Each Settlement Class Member will be bound by the
terms of the Stipulation upon its final approval by the Court and bound by all
determinations and judgments of the Court in connection with the Settlement,
including the release with prejudice of the Defendants, Perini and all present or
former directors, officers, employees or agents of Perini from any claims, causes
of action, rights, debts, costs, expenses, or attorney's fees, which arise out of or
relate to all claims of every nature and description, known or unknown, that could
have been or have been asserted in the Action at any time against Defendants
and/or Perini and/or any present or former director, officer, employee or agent of
Perini arising out of, related to, or in connection with any of the claims,

5

transactions, disclosures, facts, matters, omissions or occurrences referred to in or which are or have been at any time the subject matters of the Action.

(iii)   A member of the Settlement Class who desires to be fully excluded but who fails to comply with the Opt-out procedures set forth in the Stipulation shall not be excluded, but shall be a Settlement Class Member.

(c)   Any member of the Settlement Class who excluded its holdings in whole or in part pursuant to the Opt-out procedure set forth above, but wishes to retract that request for exclusion in whole or in part, must provide the Class Administrator, located at Equiserve Inc., P.O. Box 3228, Edison, NJ 08818-3228, attention: Class Administrator, with either a written notice stating the person's or entity's desire to retract or withdraw his, her or its request for exclusion as well as the person or entity's name, address, social security number or tax identification number, total number of shares held and number of shares for which the person or entity is withdrawing or retracting the request for exclusion or by sending a properly completed Claim Form along with the Senior Depositary Preferred Stock for which the request to be excluded is being retracted, by July 18, 2005.

(d)   Any Settlement Class Member may appear at the Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; or why Plaintiff's Counsel should or should not be awarded attorneys' fees, *provided, however,* unless otherwise ordered by the Court, that no Settlement Class Member shall be heard or entitled to contest the Settlement, judgment or application for attorneys' fees unless such Settlement Class Member files with the Court written objections and copies of any supporting papers or briefs (which must contain proof that the person is a Settlement Class Member)

by July 11, 2005, with a copy to the Class Administrator, Plaintiffs' Counsel at

Robinson Brog Leinwand Greene Genovese & Gluck P.C., 1345 Avenue of the

Americas, New York, New York 10105, attention: Alan M. Pollack, Esq. and

Felicia S. Ennis, Esq., and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285

Avenue of the Americas, New York, NY 10019-6064, Attention: Eryn Starun,

Esq., before or on the Opt-out Date.

(e)       Any Settlement Class Member who does not object in the manner

prescribed above may be deemed to have waived such objection and may be

forever foreclosed from making any objection to the fairness, adequacy or

reasonableness of the proposed Settlement, Stipulation, notices, judgments and

orders to be entered approving the Settlement and Stipulation or Plaintiffs'

Counsel's application for an award of attorneys' fees.

(f)       In the event any Settlement Class Member timely and properly

files and serves written objections, as set forth above, Plaintiffs' Counsel and

counsel for Defendants may, as they deem appropriate, submit reply papers in

support of the Settlement, Stipulation, notices, judgments and orders to be entered

approving the Settlement and Stipulation or Plaintiffs' Counsel's application for

an award of attorneys' fees. In this context, granting the Settlement Class

Members a right to object and appear at the Hearing is without waiver of the

parties' right to argue the Settlement Class Member's lack of standing to object

and appear at the Hearing.

(g)    If approved, all Settlement Class Members will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Claim Form.

(h)    Defendants, by their option, may declare this Stipulation null and void and, on notice to the Court, direct the Parties to proceed with the litigation of this matter if, for any reason, fewer than 200,000 shares of Senior Depositary Preferred Stock participate in the Settlement Class.  Notice of Defendants' decision to declare the Stipulation null and void shall be made in writing to Plaintiffs' Counsel no less than three (3) business days prior to the Fairness Hearing date set by the Court.  If Defendants exercise their right to terminate the Stipulation, each of the Parties will revert to their respective litigation positions as of October 28, 2004.  This Stipulation and its terms and conditions may not be used or referred to in this Action or any other subsequent litigation if this Stipulation is terminated hereunder by the Defendants.

7.    SETTLEMENT PAYMENT PROCESS:

(a)    In order to be entitled to a Settlement Payment, a Settlement Class Member, as defined in the Stipulation, must submit a valid Claim Form, substantially in the form annexed to the Stipulation as Exhibit C, and Transfer his, her or its participating Senior Depositary Preferred Stock to:  Equiserve Inc., P.O. Box 3228, Edison, NJ 08818-3228, attention:  Class Administrator.

(b)     Any Settlement Class Member who does not submit a valid Claim Form and does not Transfer his, her or its participating Senior Depositary Preferred Stock shall not be entitled to any Settlement Payment, but nonetheless shall be barred and enjoined from asserting any of the Settled Claims.

8.     All questions as to the number of shares to be excluded from the Settlement and the number to be accepted for receipt of the Settlement Payment and the validity, form, eligibility will be determined by the Class Administrator, in its sole discretion, which determination shall be final and binding on all parties.  The Class Administrator has absolute discretion to reject payment for any or all shares that it determines have been submitted with a Claim Form that is not in proper form.  No submission of shares pursuant to a Claim Form for receipt of the Settlement Payment will be deemed to be properly made until all defects or irregularities have been cured or waived in writing.  None of Perini, Defendants, the Class Administrator, the Information Agent or any other person will incur any liability for failure to give notice of any defects or irregularities in any request for exclusion, Claim Form or shares submitted for receipt of the Settlement Payment.

9.     The Court shall retain continuing jurisdiction over the Settlement contemplated by the Stipulation, as well as the administration thereof.

10.     The Court retains the authority to alter any of the dates and deadlines established by this Order for good cause shown.

11.     The parties shall, by August 1, 2005, file a memorandum in support of

their motion for final approval. *See, e.g., M. Berenson Co. v. Faneuil Hall Marketplace, Inc.,*

100 F.R.D. 468 (D. Mass. 1984).


Dated:  Boston, Massachusetts
                        , 2005

                                            SO ORDERED:


                                            Mark L. Wolf, U.S.D.J.