IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------X
FREDERICK DOPPELT, ARTHUR I. CAPLAN,
LELAND D. ZULCH, YVONNE WEBER, and
MARTIN SHUBIK, individually and as
representatives of a class of holders of Depositary
Convertible Exchangeable Preferred Shares,

              Plaintiffs,

  - against -

RONALD N. TUTOR, ROBERT BAND,
CHRISTOPHER H. LEE, MARSHALL M.
CRISER, ARTHUR J. FOX, JR., MICHAEL R.
KLEIN, RICHARD J. BOUSHKA, PETER
ARKLEY, ROBERT A. KENNEDY, DOUGLAS J.
McCARRON, NANCY HAWTHORNE,
RAYMOND R. ONEGLIA, JANE E. NEWMAN
and WAYNE L. BERMAN,

              Defendants.
------------------------------------------------------------X

02 CV. 12010 (MLW)

FINAL JUDGMENT AND
ORDER OF DISMISSAL
WITH PREJUDICE

MARK L. WOLF, UNITED STATES DISTRICT JUDGE

On this 21st day of September, 2005, the parties named in the above-captioned action having applied for a Final Judgment an Order of the Court (i) approving the settlement of the above-captioned action (the "Action"), pursuant to a Stipulation of Settlement, dated February 15, 2005 (the "Stipulation"), and (ii) dismissing the Action with prejudice;

And it appearing that a Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing (the "Notice") substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as potential members of the Settlement Class as shown through the records of Perini Corporation and its transfer agent, and as further identified through the mailing of the Notice pursuant to the Court's April 19, 2005 Order;

{00277144.DOC;1}

And it appearing that a summary notice of the Hearing substantially in the form approved by the Court on April 19, 2005 was published in the national editions of *The Wall Street Journal* and *USA Today*;

And a hearing having been held by the Court on ~~August 8, 2005~~ September 13 and 21, 2005 /s/ MW pursuant to Federal Rule of Civil Procedure 23 for the purpose of determining whether the settlement provided for in the Stipulation and Agreement of Settlement and the Notice is fair, reasonable and adequate and whether it should be approved by the Court;

And the Court having read and considered all the matters submitted to it at the hearing, along with all prior submissions by the parties and others, and otherwise having determined the fairness and reasonableness of the proposed settlement of the claim of the Settlement Class Members against the Defendants and released parties,

And the settlement contemplated by the Stipulation having been arrived at through arm's length, good faith bargaining among the parties;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Court reaffirms that all elements for maintenance of this Action as a class action have been met and this Final Judgment and Order shall apply to all Settlement Class Members as defined in the Stipulation as all persons or entities who held Senior Depositary Preferred Stock of Perini as of the Opt-out Date of July 11, 2005 and who did not fully and validly Opt-out of the Settlement. Thus, it is hereby determined that all members of the Settlement Class who did not elect to fully exclude themselves by written communication received by the Class Administrator by the Opt-out Date, as required in the Notice, and any who revoked their exclusion request within five business days of the Opt-out Date, are bound by this Judgment.

2. The Stipulation is approved in all respects as fair, reasonable and adequate to and in the best interests of the Settlement Class and Settlement Class Members, and the Parties and Jeffrey Doppelt are directed to consummate the settlement of the Action in accordance with the terms and provisions of the Stipulation and the Notice.

3. The Court hereby finds that the notice procedures used provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the settlement and release, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. Due and adequate notice of the proceedings has been given to the Settlement Class Members and a full opportunity has been offered to the Settlement Class Members to object to the proposed settlement and to participate in the hearing thereon.

4. Settled Claims means all claims of every nature and description, known or unknown, that could have been or have been asserted in the Action at any time against Defendants and/or Perini and/or any present or former director, officer, employee or agent of Perini arising out of, related to, or in connection with any of the claims, transactions, disclosures, facts, matters, omissions or occurrences referred to in or which are or have been at any time the subject matters of the Action.

5. All Settlement Class Members are conclusively deemed to have released with prejudice the Defendants, Perini and all present or former directors, officers, employees or agents of Perini (the "Released Parties") from any claims, causes of action, rights, debts, costs, expenses, or attorney's fees, which arise out of or relate to the Settled Claims.

6. The plaintiffs and all members of the Settlement Class, their successors and assignees of any of them, and any one claiming through or on behalf of any of them, are barred and permanently enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Parties.

7. Upon entry of this Order, Perini is directed to effectuate the Settlement Payment, defined in the Stipulation as the purchase of 100% of the Senior Depositary Preferred Stock that has not been excluded from this settlement at a price of $19.00 in cash plus one (1) share of Perini Common Stock that is unrestricted and freely tradable on the New York Stock Exchange (subject to any limitations under the federal securities laws application to the resale of Perini Common Stock received in the settlement by any Settlement Class Member who is an affiliate of Perini as of immediately prior to, or at any time following, the date that the settlement is approved by the Court), and the Settlement Payment shall be in lieu of any accrued but unpaid dividends that are owed and as payment in full of liquidation and conversion rights under the Senior Depositary Preferred Stock Certificate of Vote, dated June 18, 1987, to each Settlement Class Member. Perini shall be under no obligation to pay any Settlement Class Member any portion of the Settlement Payment unless the Settlement Class Member has properly completed and returned a Letter of Transmittal and surrendered and Transferred his or her participating Senior Depositary Preferred Stock to the Class Administrator.

8. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be construed as a concession or any admission of any damages, nor admissible or offered or received in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or validity of any claim that has

been, could have been or in the future might be asserted in the Action, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties.

9. Counsel for Plaintiffs, are awarded attorneys' fees in the amount of $ 300,000 ~mlw and reimbursement of expenses in the amount of $ 50,000 ~mlw. The Court finds that such an award of fees and expenses is fair and reasonable. Perini shall have no obligation to pay Plaintiffs' Counsel any additional attorneys' fees, costs or other fee in connection with litigating and settling this Action.

10. Without affecting the finality of this Judgment whatsoever, the Court reserves jurisdiction over the Action and the plaintiffs and defendants herein for purposes of effectuating and enforcing this settlement.

11. Defined terms herein are used as defined in the Stipulation, dated February 15, 2005.

12. In the event this Judgment does not become final, it shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settlement Payment or any portion thereof, if previously paid by Perini Corporation, shall be returned in full to Perini Corporation.

13. The Clerk of the Court is hereby directed to close this case.

Dated: September 21, 2005

SO ORDERED:

_____
Mark L. Wolf, U.S.D.J.